*... or remainder of this case is to be found .
between 512 & 13. PP.*

**BANK OF THE UNITED STATES *vs.* ELLIS.**

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE WATTS
PRESIDING.

Where an endorser of a bill has not received notice of protest, but after-
wards acknowledges he is bound, and promises to pay, with a full
knowledge of the irregularity and want of notice, he will be held liable.

The defendant was sued as the last endorser on a bill of
exchange, drawn at sight, and protested for non-acceptance.
The draft was. drawn at New-York, by M'Laughlin, on
Weaver, in Selma, Alabama, dated the 10th of November,
1836, payable at sight, on the first of January following.
On the 28th of November, a notary in Mobile, declared he
had made diligent search and strict inquiry for Weaver, to
present the bill for acceptance, but could neither find him or
any one authorized to accept for him. The bill was pro-
tested, and notices of protest sent to New-York. The defen-
dant had left Mobile for New-Orleans, and no notice of
protest was sent to him, or put in the post-office for him.

The agent of the bank at New-York inclosed the bill with
the notices of protest, and wrote to the assistant cashier of
the bank at New-Orleans, with directions to demand pay-
ment of Ellis. This letter and the notices of protest, with
the bill, were. shown to Ellis, who declared to the assistant

cashier, he was bound to pay the bill, and promised to pay it.

Under these circumstances, the district judge considered the defendant bound, and gave judgment for the amount of the bill.

The defendant appealed.

*T. Slidell*, for the plaintiff.

*Clarke*, for the appellant.

*Eustis, J.*, delivered the opinion of the court.

This is an action against the endorser of a bill of exchange. The bill was protested for non-payment, and due notice of protest was not given to the defendant. The bill was payable in Mobile; the defendant resides in New-Orleans, and the notice of protest was sent to New-York, and was not given to the defendant in season to bind him ; however, he afterwards declared to the clerk of the Bank of the United States, in New-Orleans, that he was bound to pay the bill, and promised to pay it. We necessarily infer, from the circumstances disclosed in evidence, that he was apprised of the irregularity in the communication of the notice at the time of his acknowledgment of his obligation and subsequent promise to pay it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.